[No. B146383. Second Dist., Div. Three. Apr. 30, 2002.]

Estate of KATHLEEN T. HOFFMAN, Deceased.
MYRA H. BELFIORE et al., Petitioners and Appellants, v.
THOMAS L. HOFFMAN, as Co-executor, etc., et al., Objectors and
Respondents.

## COUNSEL

Bishton Gubernick, Norris J. Bishton, Jr., and Jeffrey S. Gubernick for Petitioners and Appellants.

Miller & Clearwaters, Ira J. Miller; Hurwitz & Hurwitz and Mark Hurwitz for Objectors and Respondents.

## OPINION

**KLEIN, P. J.—** ■■■ Myra H. Belfiore (Myra) and Danette H. Magilligan (Danette) (collectively appellants) appeal an order which determined their proposed petition to remove the executors of the estate of Kathleen T. Hoffman would be a contest within the meaning of the no contest clause in the decedent's will. (Prob. Code, § 21320.)[1, 2]

The essential issue presented is whether the proposed petition would constitute a contest under the will.

Section 21305, subdivision (b)(7), proclaims that as a matter of public policy, a petition seeking the removal of a fiduciary does not violate a no contest clause. Therefore, the order is reversed with directions.

---

[1]"An order under [Probate Code] section 21320 determining whether a proposed motion, petition or other act by a beneficiary would be a contest within the meaning of a no contest clause is directly appealable. [Citation.]" (*Graham v. Lenzi* (1995) 37 Cal.App.4th 248, 252, fn. 1 [43 Cal.Rptr.2d 407].)

All further statutory references are to the Probate Code, unless otherwise indicated.

[2]We refer to the parties by their first names for purposes of clarity and not out of disrespect. (See *In re Marriage of Olsen* (1994) 24 Cal.App.4th 1702, 1704, fn. 1 [30 Cal.Rptr.2d 306]; *Askew v. Askew* (1994) 22 Cal.App.4th 942, 947, fn. 6 [28 Cal.Rptr.2d 284].)

FACTUAL AND PROCEDURAL BACKGROUND

1. *Overview.*

Leo Hoffman (Leo) and his wife, Kathleen T. Hoffman (Kathleen or decedent), had five children: Myra, Danette, Paula Campbell (Paula), Thomas L. Hoffman (Thomas) and Kurt Hoffman (Kurt). Leo died in 1984.

Kathleen's principal asset was her interest in Leo Hoffman Chevrolet, Inc. (Hoffman Chevrolet), an automobile dealership which had been founded by Leo. Following Leo's death, Hoffman Chevrolet was run by Thomas, Kurt, and their brother-in-law, Gary Campbell (Gary), who is married to their sister Paula.

Pursuant to the terms of Leo's will, Leo's interest in the stock of Hoffman Chevrolet was transferred to the Hoffman Trust (the trust). The initial beneficiary of the trust was Kathleen, who was to receive the income of the trust for life. Upon Kathleen's death, the trust assets were to be distributed equally to the five siblings. Paula, Thomas and Kurt are cotrustees of the trust.

Kathleen died in 1997. Kathleen's will, which was executed in 1984 and which was admitted to probate, similarly left her interest in Hoffman Chevrolet to the trust. Kathleen's will nominated Paula, Thomas and Kurt as her executors and they were so appointed.

Kathleen's will contains a no contest clause, which states: "I have purposely made no provision herein for any other person, whether claiming to be an heir of mine or not, and if any person shall contest this Will or object to any of the provisions hereof, I give to such person so contesting or objecting the sum of ONE DOLLAR ($1.00) and no more, in lieu of the provision which I might have made herein for such person so contesting or objecting."

2. *The application by Myra and Danette pursuant to section 21320.*[3]

On September 14, 2000, pursuant to section 21320, Myra and Danette filed a verified application for a determination that a proposed petition by them to remove Paula, Thomas and Kurt as executors would not violate the

---

[3]Section 21320, a declaratory relief provision, states in relevant part: "(a) If an instrument containing a no contest clause is or has become irrevocable, a beneficiary may apply to the court for a determination whether a particular motion, petition, or other act by the beneficiary, . . . would be a contest within the terms of the no contest clause."

no contest clause in Kathleen's will. Myra and Danette contended that as trustees of the Trust, Paula, Thomas and Kurt had breached their fiduciary duties to the detriment of decedent's estate, that the executors of decedent's estate were obligated to institute legal action against the cotrustees of the trust, and because Paula, Thomas and Kurt would not bring suit against themselves, they should not continue to serve as executors.

The proposed petition for removal of executors was attached to the application as an exhibit. The petition alleged, inter alia, that during the years 1985 through 1997, while Hoffman Chevrolet was under the control of Thomas, Kurt, and Paula/Gary as majority and controlling shareholders, and while Thomas, Kurt and Gary served as the corporation's officers and directors, federal tax returns indicated Hoffman Chevrolet had pretax earnings of $209,338, or average yearly pretax earnings of $16,103. During those years, Thomas, Kurt and Gary, as officers and directors, paid themselves a total of $8,264,360 in compensation, a yearly average of $635,720.

For example, Hoffman Chevrolet's 1996 federal tax return reflected the corporation had pretax earnings that year of $74,696. In that year, Thomas, Kurt and Gary paid themselves a total of $932,824 in compensation. However, they caused the corporation to pay taxable benefits of only $2,100 to Kathleen, their widowed mother and beneficiary of the trust, *and did not pay any dividends to the Trust.* Consequently, the trust had no income from Hoffman Chevrolet to distribute to Kathleen, and she lived primarily on Social Security benefits and other minor income.

Based thereon, the proposed petition alleged Kathleen's estate has various causes of action against Thomas, Kurt, Gary and Paula for breach of fiduciary duty and other torts in their various capacities as majority and controlling shareholders of Hoffman Chevrolet, also as officers and directors of Hoffman Chevrolet, and as trustees of the Trust. Removal of the executors was necessary because those causes of action would not be pursued by the estate if Thomas, Kurt, and Paula were to continue serving as the decedent's executors.

The proposed petition requested the court to require Thomas, Kurt and Paula to show cause why they should not be removed as executors and their letters testamentary revoked; to remove and revoke the letters testamentary of Thomas, Kurt and Paula; and to suspend their powers as executors of Kathleen's estate pending investigation of the charges made against them.

3. *The executors' opposition.*

In opposition, Thomas, Kurt and Paula argued the proposed petition would violate the no contest clause, and was frivolous because any action taken by

the executors against the trustees would be in effect an action against themselves. Further, the executors had no right to question the administration of the Trust, and the executors' sole obligation was to distribute the assets to the trustees of the trust. Moreover, as beneficiaries of the trust, Myra and Danette were free to bring their own action against the trustees for any grievance with respect to the management of the trust, without involving the executors, whose primary concern was the administration of the decedent's estate.

### 4. *Trial court's ruling.*

On October 30, 2000, the matter came on for hearing. The trial court ruled as follows: "The application for determination that the proposed petition to remove executors does not violate the terms of the no-contest clause in the decedents' will is heard, argued and DENIED. The no-contest clause prevents the motion and is considered frivolous at this point."

### 5. *Subsequent events.*

Myra and Danette filed a timely notice of appeal from the above order.

On January 1, 2001, while the appeal was pending, section 21305 took effect. The new statute specifies that certain proceedings, including a petition seeking the removal of a fiduciary,[4] "shall not violate a no contest clause as a matter of public policy." (§ 21305, subd. (b)(7).)[5]

---

[4]An executor, by definition, is a fiduciary. (§§ 39, 58.)

[5]Section 21305 states: "(a) For instruments executed after the effective date of this section, the following actions shall not constitute a contest unless expressly identified in the no contest clause as a violation of the clause: [¶] (1) The filing of a creditor's claim or prosecution of an action based upon it. [¶] (2) An action or proceeding to determine the character of property. [¶] (3) A challenge to the validity of an instrument, contract, agreement, beneficiary designation, or other document, other than the instrument containing the no contest clause. [¶] (4) A petition for settlement or for compromise affecting the terms of the instrument. [¶] (b) *Notwithstanding anything to the contrary in any instrument, the following proceedings shall not violate a no contest clause as a matter of public policy*: [¶] (1) A petition seeking relief under Chapter 3 (commencing with Section 15400) of Part 2 of Division 9. [¶] (2) A petition under Part 3 (commencing with Section 1800) of Division 4. [¶] (3) A petition under Part 2 (commencing with Section 4100) of Division 4.5. [¶] (4) A petition seeking an order annulling a marriage of the person who executed the instrument containing the no contest clause. [¶] (5) A petition pursuant to Section 2403. [¶] (6) A petition challenging the exercise of a fiduciary power. [¶] (7) *A petition objecting to the appointment of a fiduciary or seeking the removal of a fiduciary.* [¶] (8) Objections or other responsive pleading to an accounting of a fiduciary. [¶] (c) Nothing in this section shall apply to a codicil executed after January 1, 2001, unless the codicil specifically adds or amends a no contest clause contained in the will or other testamentary instrument executed before January 1, 2001." (Added by Stats. 2000, ch. 17, (Assem. Bill No. 1491), § 5, italics added.)

CONTENTS

Myra and Danette contend this case is controlled by subdivision (b)(7) of newly enacted section 21305, which provides that a petition seeking removal of a fiduciary does not violate a no contest clause as a matter of public policy; and the trial court erred in making a determination on the merits of the proposed petition.

DISCUSSION

1. *Contests and no contest clauses.*

A contest is defined as "an attack in a proceeding on an instrument or on a provision in an instrument." (§ 21300, subd. (a).) A no contest clause "means a provision in an otherwise valid instrument that, if enforced, would penalize a beneficiary if the beneficiary brings a contest." (§ 21300, subd. (b).)[6]

■ With respect to the interpretation and enforcement of no contest clauses, there are conflicting policies. "On the one hand, they are favored since they discourage litigation and give effect to the testator's intent. [Citations.] On the other hand, no-contest clauses are disfavored because they work a forfeiture. [Citation.] Resolution of these competing policies requires no-contest clauses be strictly construed and not extended beyond 'what was plainly the testator's intent.' [Citation.]" (*Estate of Watson* (1986) 177 Cal.App.3d 569, 572 [223 Cal.Rptr. 14].)

2. *Standard of appellate review.*

■ The determination of whether the proposed petition violates the no contest clause of Kathleen's will does not turn on the competency or credibility of extrinsic evidence or a conflict therein. Rather, the issue turns on whether the proposed petition is statutorily exempt from the definition of a contest. Therefore, the appeal presents a pure question of law for our independent determination. (See *Scharlin v. Superior Court* (1992) 9

---

[6]Respondents argue Kathleen's will simply "pours over" the balance of her stock in Hoffman Chevrolet into the trust and therefore Myra and Danette lack standing to seek a judicial determination as to whether their proposed petition would constitute a contest of the will containing the no contest clause. The contention is meritless. In addition to being beneficiaries of the trust, *all five siblings are named as beneficiaries of the will*, which provides for Kathleen's personal property to be divided equally among them. (§ 24 [definition of beneficiary].) Consequently, Myra and Danette were entitled to seek a judicial determination as to whether their proposed petition to remove the executors would be a contest within the terms of the no contest clause in Kathleen's will.

Cal.App.4th 162, 168 [11 Cal.Rptr.2d 448] [reviewing court independently determined whether proposed petition violated no contest clause].)

3. *Newly enacted section 21305 specifies that certain proceedings, including a petition seeking the removal of a fiduciary, do not violate a no contest clause as a matter of public policy.*

Section 21305 was part of Assembly Bill No. 1491 (Assembly Bill 1491) (1999-2000 Reg. Sess.), an omnibus bill which made various changes in the area of estates and trusts and which was sponsored by the Estate Planning, Trust and Probate Law Section of the State Bar of California.[7]

A bill analysis for the Senate Judiciary Committee posed the following question: "No contest clauses: when is an action not a contest? Should generic no contest clauses be consigned to the legal scrapheap?" (Sen. Com. on Judiciary, Analysis of Assem. Bill 1491 (1999-2000 Reg. Sess.) Mar. 28, 2000, p. 4.) The legislative analysis explained the need for the bill as follows: "Most wills and trusts or other instruments passing assets at death contain a generic 'no contest' clause, which states that should a beneficiary contest the provisions of the will or other instrument, that beneficiary is deemed to have predeceased the decedent and his or her share is distributed accordingly, or the beneficiary is devised a specific amount that is usually much smaller than what his or her share would have been had he or she not contested the will or other instrument. [¶] Courts' interpretations of no contest clauses have resulted in a host of actions by a beneficiary that were found to be contests, and some that made it seem like the no contest clause could be against public policy, and still others that spawned unnecessary litigation. In *Burch v. George* (1994) 7 Cal.4th 246 [27 Cal.Rptr.2d 165, 866 P.2d 92], for example, a no contest clause was found to include among other holdings a challenge to a beneficiary designation in a pension plan—which was a document deemed part of the estate plan even though the no contest clause referred only to contests of the testamentary document or its terms. This case introduced the concept of the 'integrated estate plan' into probate and trust contests. Similarly, *Genger v. Delsol* (1997) 56 Cal.App.4th 1410 [66 Cal.Rptr.2d 527], interpreted a no contest clause to cover a stock redemption agreement. In *Estate of Pittman* (1998) 63 Cal.App.4th 290 [73 Cal.Rptr.2d 622], a generic no contest clause was found to include the allocation of property on schedules attached to the document which defined the character of the property. Finally, the court's reading of a no contest clause in *Estate of Ferber* (1998) 66 Cal.App.4th 244 [77 Cal.Rptr.2d 774],

---

[7]We take judicial notice of legislative analyses of Assembly Bill 1491 as an aid to the interpretation of section 21305. (Evid. Code, §§ 452, subd. (c), 455, 459; *McDowell v. Watson* (1997) 59 Cal.App.4th 1155, 1161-1162, fn. 3 [69 Cal.Rptr.2d 692].)

prohibiting the filing of actions for removal of a fiduciary or to object to an accounting, rendered such a clause to be contrary to public policy." (*Id.* at pp. 4-5.)

Specifically, with respect to the concerns which led to the enactment of section 21305, the "*proponents argue[d] that the following actions should NOT be prohibited by a no contest clause, regardless of whether it is expressly contained therein or anywhere else in an instrument, as a matter of public policy*: [¶] A petition for modification or termination of a trust; [¶] A petition for conservatorship or under a general power of attorney; [¶] A petition seeking an annulment of marriage of a person who executed the instrument with the no contest clause; [¶] A conservator's petition for instruction or confirmation of acts; [¶] A petition challenging the exercise of fiduciary power; [¶] *A petition objecting to the appointment of a fiduciary or seeking removal of a fiduciary*; [¶] Objections or other responsive pleadings to an accounting of a fiduciary. [¶] These actions are generally brought by administrators of estates or by beneficiaries whose rights have been protected or recognized under case law. [¶] *Thus, this bill would statutorily define these actions as not violative of a no contest clause or any similar provision in any testamentary instrument or trust.*" (Sen. Com. on Judiciary, Analysis of Assem. Bill 1491 (1999-2000 Reg. Sess.) as amended Mar. 23, 2000, p. 6, italics added.)

The bill's language exempting a "petition objecting to the appointment of a fiduciary or seeking removal of a fiduciary" from the definition of a contest is codified in section 21305, subdivision (b)(7), as proposed.

In sum, the Legislature has determined that in furtherance of the public policy of eliminating errant fiduciaries, a beneficiary who believes a fiduciary is engaged in misconduct should be able to bring the alleged misconduct to the court's attention without fear of being disinherited. (§ 21305, subd. (b)(7).)

4. *Applicability of section 21305 to the instant case.*

a. *The proposed petition comes within the exemption of section 21305, subdivision (b)(7).*

 The proposed petition by Myra and Danette fits squarely within the definition of section 21305, subdivision (b)(7). Their petition seeks the removal of Thomas, Kurt and Paula as executors of Kathleen's estate, and thus seeks "the removal of a fiduciary." (§ 21305, subd. (b)(7).) Consequently, the proposed petition does *not* constitute a contest within the meaning of the decedent's will.

b. *Section 21305, subdivision (b)(7) applies irrespective of the date an instrument was executed.*

As indicated, section 21305 became effective on January 1, 2001, while this appeal was pending. The issue therefore arises as to the statute's applicability to Kathleen's will, which was executed in 1984.

■ "[L]egislative provisions are presumed to operate prospectively, and . . . they should be so interpreted 'unless express language or clear and unavoidable implication negatives the presumption.' [Citation.]" (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1208 [246 Cal.Rptr. 629, 753 P.2d 585].)

■ Looking to the express language of the statute, section 21305, subdivision (a) begins with the following limitation: "(a) *For instruments executed after the effective date of this section*, the following actions shall not constitute a contest unless expressly identified in the no contest clause as a violation of the clause. . . ." (Italics added.)

Subdivision (c) of section 21305 similarly contains a time limitation, stating: "(c) Nothing in this section shall apply to a codicil *executed after January 1, 2001*, unless the codicil specifically adds or amends a no contest clause contained in the will or other testamentary instrument *executed before January 1, 2001*." (Italics added.)

Unlike subdivisions (a) and (c), subdivision (b) contains no time limitation. Instead, it declares: "(b) *Notwithstanding anything to the contrary in any instrument, the following proceedings shall not violate a no contest clause as a matter of public policy*: [¶] . . . [¶] (7) A petition objecting to the appointment of a fiduciary or seeking the removal of a fiduciary. . . ." (§ 21305, subd. (b), italics added.)

The " 'clear and unavoidable implication' " (*Evangelatos v. Superior Court, supra,* 44 Cal.3d at p. 1208) of the absence from section 21305, subdivision (b) of the limiting language found in subdivisions (a) and (c) is that unlike those subdivisions, subdivision (b) applies across the board and extends to instruments executed before the effective date of the statute. The rationale for the broad application of subdivision (b) appears on the face of the statute, which provides the proceedings enumerated in subdivision (b) "shall not violate a no contest clause *as a matter of public policy*." (§ 21305, subd. (b), italics added.) Having concluded the proceedings specified in subdivision (b) shall not be deemed a contest as a matter of public policy, the Legislature determined the safeguard of subdivision (b) should not be

restricted to instruments executed after the statute's effective date, and instead should apply regardless of the date an instrument was executed.[8]

 c. *An additional reason for holding the proposed petition for removal of executors is not a contest is that the proceeding has not yet been commenced, and if it is brought, will have been commenced after January 1, 2001, the effective date of section 21305.*

As discussed above, because the proposed petition seeks the removal of a fiduciary, the proposed petition does not constitute a contest (§ 21305, subd. (b)(7)), and the statute applies even though the will containing the no contest clause was executed before the statute's effective date.

However, there is an additional reason why the proposed petition would not constitute a contest. Section 21305, subdivision (b) provides *"the following proceedings* shall not violate a no contest clause as a matter of public policy . . . ."* (Italics added.) Section 21305 became effective on January 1, 2001. If a *proceeding* is filed after January 1, 2001, after the effective date, and the proceeding falls within one of the eight categories enumerated in subdivision (b), the proceeding does not violate a no contest clause. Here, all that has occurred thus far is that appellants sought a determination as to whether their proposed petition to remove the executors would constitute a contest. The proceeding itself has not yet been filed. Because the proceeding, if it is filed, will have been filed after January 1, 2001, *after the statute's effective date*, the proceeding is not a contest pursuant to section 21305, subdivision (b)(7).

 d. *Propriety of resolving this appeal pursuant to the new enactment which took effect during the pendency of the appeal.*

We are mindful of the general rule that an appeal only determines whether an order or judgment was correctly rendered based on the facts presented to the trial court and the law as it existed at that time. (*Broadmoor San Clemente Homeowners Assn. v. Nelson* (1994) 25 Cal.App.4th 1, 4 [30 Cal.Rptr.2d 316].) However, in light of the legislative determination that as a matter of *public policy*, a petition seeking removal of a fiduciary is not a contest (§ 21305, subd. (b)(7)), it would be inappropriate for us to review the trial court's order based on the law as it existed at the time the matter was ruled on below. (*Broadmoor San Clemente Homeowners Assn., supra,* at p.

---

[8]If our interpretation of section 21305 is not what the Legislature intended, the enactment could use clarification. (See *International Longshoremen's & Warehousemen's Union v. Los Angeles Export Terminal, Inc.* (1999) 69 Cal.App.4th 287, 304, fn. 6 [81 Cal.Rptr.2d 456], and cases cited therein.)

4.) Were we to affirm on the basis of the prior law, we would be performing an idle act because Myra and Danette still have the right to file their proposed petition to remove the executors, which has not yet been filed, and which cannot be deemed a contest under the current statutory scheme. (*Ibid.*) Accordingly, this appeal is properly resolved as a matter of law pursuant to a statute which took effect during the appeal's pendency.[9]

### 5. *Trial court erred in considering the merits of the proposed petition.*

As indicated, in ruling the proposed petition would constitute a contest, the trial court further ruled the petition was frivolous. That ruling was improper and beyond the scope of the issue which was before the trial court at that time. "A ruling on whether the beneficiary's proposed action would be a will contest may not involve a determination on the merits of the action itself. [Citation.]" (*Estate of Ferber, supra,* 66 Cal.App.4th 244, 251.)

We express no opinion as to the merits of the proposed petition by Myra and Danette. We simply hold that in light of section 21305, subdivision (b)(7), their proposed petition to remove the executors would not amount to a contest in violation of the no contest clause in the decedent's will.

### DISPOSITION

The order is reversed with directions to enter an order determining that the proposed petition to remove the executors would not constitute a contest. Appellants shall recover their costs on appeal.

Croskey, J., and Aldrich, J., concurred.

---

[9]Obviously, we do not fault the trial court for not applying section 21305 below.