[No. G030281. Fourth Dist., Div. Three. Apr. 30, 2003.]

JENNY HERMANSON et al., Plaintiffs and Appellants, v. JEFFREY HERMANSON, as Trustee, etc., et al., Defendants and Respondents.

## COUNSEL

Weinstock, Manion, Reisman, Shore & Neumann and Jeffrey Forer for Plaintiffs and Appellants.

Sacks, Glazier, Franklin & Lodise, Margaret G. Lodise and Kenneth M. Glazier for Defendants and Respondents.

## OPINION

**ARONSON, J.—** ▮ ▪ ▪ Jenny, Josh, and Robert Hermanson, beneficiaries of the Esther R. Hermanson Trust (the trust), challenge an order declaring the trust's "no contest" clause would be violated by their proposed petition to remove the trustees for malfeasance.[1] They concede their petition runs afoul of the trust's no contest clause, but argue enforcement of that provision is barred by section 21305, subdivision (b)(6) and (7). We disagree.

---

[1] Probate Code section 21320 (all statutory references are to the Probate Code) permits a trust beneficiary to obtain a judicial declaration as to whether a proposed petition would be a contest within the meaning of a no contest clause, and is directly appealable. (*Graham v. Lenzi* (1995) 37 Cal.App.4th 248, 252 [43 Cal.Rptr.2d 407].)

Per section 21305, subdivision (b)(6) and (7), a petition challenging the exercise of fiduciary power and requesting the removal of a fiduciary does not violate a no contest clause in a will as a matter of public policy. But subdivision (b) applies "only to instruments of decedents dying on or after January 1, 2001, and to documents that become irrevocable on or after January 1, 2001." (§ 21305, subd. (d).) Because the trust became irrevocable upon Esther's death in December 2000, we conclude section 21305, subdivision (b), is not determinative. Whether a petition would violate a no contest clause predating section 23105 would normally be resolved by applying the law in existence before the statute was enacted. We do not do so here because plaintiffs did not raise this issue in the trial court or on appeal, and base their case solely on application of section 23105. Consequently, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs are the grandchildren of Esther Hermanson and the beneficiaries of the trust. Their father and Esther's eldest son, Barry Hermanson, was expressly disinherited under the terms of the trust.[2] The trustees are Esther's youngest son, Jeffrey Hermanson, and William Sweek, her longtime accountant. The trust provides that any trusteeship vacancy is to be filled by "[t]he person(s) designated by JEFFREY F. HERMANSON and WILLIAM L. SWEEK." In the event Jeffrey or Sweek fails to designate a new trustee, Northern Trust Bank (Northern Trust) is designated to fill the trusteeship vacancy.

Esther distrusted her son, Barry, and had not seen or spoken with him for several years, although she kept in contact with his wife and children. After disinheriting Barry from the trust, Esther became concerned her estranged son or his children would challenge her estate plan, including operation of the trust. To forestall a legal challenge, Esther amended the trust to add a comprehensive no contest clause spanning approximately 10 pages. The trust defined the term "contest" to cover numerous actions, including the following: "(J) Any lawsuit, petition or other legal proceeding that seeks to remove any individual Trustee of the Esther R. Hermanson Trust (or any other trust created under this document) or any other trust created by the Trustor."

In a trust provision entitled "Statement of the Trustor's Intent," Esther explained her motivation for broadening the no contest clause: "The Trustor has serious concerns that her son Barry, Barry's wife, Barry's descendants,

---

[2]In pertinent part, the disinheritance clause reads as follows: "The Trustor has specifically and intentionally failed to provide for her son, BARRY B. HERMANSON, whom the Trustor knows to be living as of the date this document was signed."

or some person or entity acting on behalf of, or claiming an interest through, any of them, will take actions that will disrupt or interfere with the Trustor's various estate plan documents and/or the operation of various family businesses, partnerships, limited liability companies, corporations, or other entities in which the Trustor, the Hermanson Family Trust (and it [*sic*] subtrusts), the Esther R. Hermanson Trust, the Annuity Trust, the Trustor's son Jeffrey, or other entities owned or controlled by the foregoing persons may have an interest. The Trustor specifically intends to discourage and prevent any such actions by Barry, Barry's wife, any of Barry's descendants, or any person or entity acting on behalf of, or claiming an interest through, any of them. Accordingly, the Trustor has intentionally included the very broad and inclusive provisions of this Paragraph, with full knowledge of their potential application and the forfeitures that will result in the event any such action is taken by Barry, Barry's wife, any of Barry's descendants, or any person or entity acting on behalf of, or claiming an interest through, any of them. Contrary to Probate Code section 21304, the provisions of this Paragraph shall be liberally construed to accomplish the Trustor's intent."

The trust became irrevocable upon Esther's death in December 2000. Shortly thereafter, plaintiffs sought a judicial declaration that their proposed petition would not violate the trust's no contest clause. The petition sought removal of Jeffrey and Sweek as trustees, claiming they squandered the trust's assets through mismanagement and malfeasance, and requested the appointment of Northern Trust as the new trustee. The trial court ruled plaintiffs' proposed petition would violate the no contest clause, and this appeal followed.

## DISCUSSION

■ Plaintiffs challenge the trial court's ruling that their petition would violate the trust's no contest provision, citing section 21305, subdivision (b)(6) and (7). The statute provides that pleadings challenging the exercise of fiduciary power or seeking removal of a fiduciary "do not violate a no contest clause as a matter of public policy." Plaintiffs insist the statute is clear, and defendants concede the petition would not violate the trust's no contest clause if section 21305 applies.[3]

Section 21305 took effect on January 1, 2001. Relying on *Estate of Hoffman* (2002) 97 Cal.App.4th 1436 [119 Cal.Rptr.2d 248] (*Hoffman*),

---

[3]Defendants argue the petition requesting the appointment of Northern Trust violated the no contest clause because section 21305 does not authorize applications for appointment of successor trustees. Defendants' narrow interpretation would frustrate the public policy articulated in section 21305, however. Implicit in plaintiffs' motion to appoint a new trustee is the request to remove the existing one, and the indirect expression of this does not run afoul of section 21305. Esther named Northern Trust as successor trustee in the event Jeffrey and

plaintiffs argue the statute applies here even though the trust became irrevocable in December 2000, one month before its effective date. *Hoffman* concluded section 21305 applied to a no contest provision in a will admitted to probate three years before enactment of section 21305. *Hoffman* noted subdivisions (a) and (c) of section 21305 expressly limited its provisions to instruments executed after January 1, 2001, but no similar time limitation was provided in subdivision (b). Therefore, *Hoffman* reasoned, "subdivision (b) applies across the board and extends to instruments executed before the effective date of the statute." (*Hoffman, supra,* 97 Cal.App.4th at p. 1445.) Finding the statutory language ambiguous and recognizing the issue was close, *Hoffman* invited the Legislature to clarify the law "[i]f our interpretation of section 21305 is not what the Legislature intended." (*Id.* at p. 1446, fn. 8.)

The Legislature took up the gauntlet and quickly responded by adding subdivision (d) to section 21305: "Subdivision (b) shall apply only to instruments of decedents dying on or after January 1, 2001, and to documents that become irrevocable on or after January 1, 2001." Sponsored by the Estate Planning, Trust and Probate Law Section of the State Bar, subdivision (d) was one of several amendments to section 21305 contained in Senate Bill No. 1878. The Assembly Committee on the Judiciary discussed the reasons for adopting subdivision (d): "The author proposes amendments to SB 1878 to clarify that the bill is to be applied prospectively. On April 30, 2002, the Second District Court of Appeal in applying the new rules created by AB 1491 for no contest clauses, held that Section 21305 (b), listing actions deemed not to be in violation of a no contest clause as a matter of public policy, applied to all instruments whether signed before or after the effective date of AB 1491 (January 1, 2001). (*Estate of Hoffman,* [, *supra,*] 97 Cal.App.4th 1436.) The proposed amendments to SB 1878 expressly state that the changes made by AB 1491 to section 21305 (a) and (b) are to apply prospectively only, to instruments of decedents dying on or after January 1, 2001, and to documents that become irrevocable as of that date." (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 1878 (2001-2002 Reg. Sess.) as amended May 15, 2002, p. 7.)

Subdivision (d) of section 21305 makes clear that subdivision (b) applies only to trust instruments that become irrevocable after January 1, 2001 (subds. (a) and (c) also include this limitation). Here, the trust became irrevocable in December 2000; therefore, section 21305 does not apply. That Hermanson's petition had been heard and denied before the statutory clarification took effect is of no moment. A statute does not operate retrospectively if it merely clarifies existing law, and "[e]ven a material change in

Sweek were unable to designate a successor. By naming the same entity, plaintiffs adhere to the testator's expressed wishes.

statutory language may demonstrate legislative intent only to clarify the statute's meaning." (*Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1024, fn. 2 [130 Cal.Rptr.2d 662, 63 P.3d 220].) Here, the legislative history demonstrates the change was made to clarify the statute's meaning and put to rest *Hoffman*'s misconstruction.

Plaintiffs still could have requested a determination under section 21320 that the trust's no contest provision violates public policy based on the law in effect before section 21305 was adopted. This normally would involve an examination of the testator's intent and determining whether the proposed petition raises questions of law or fact. (See *Estate of Ferber* (1998) 66 Cal.App.4th 244, 250-251 [77 Cal.Rptr.2d 774].) But we need not analyze the matter further, as plaintiffs failed to present any evidence on this score, and did not raise the issue on appeal. Accordingly, the trial court did not err in concluding plaintiffs' petition would violate the no contest provision of the trust.

The judgment is affirmed. Defendants shall recover their costs on appeal.

Rylaarsdam, Acting P. J., and O'Leary, J., concurred.

A petition for a rehearing was denied May 30, 2003, and the opinion was modified to read as printed above.