[No. F055231. Fifth Dist. June 8, 2009.]

ELAINE CORY, Plaintiff and Respondent. v.
COLLEEN M. TOSCANO, Defendant and Appellant.

## COUNSEL

Dowling, Aaron & Keeler, Lynne Thaxter Brown and David O. Flewallen for Defendant and Appellant.

Curry and Curry and Thomas M. Curry for Plaintiff and Respondent.

## OPINION

**LEVY, J.**—Appellant, Colleen M. Toscano, and respondent, Elaine Cory, are beneficiaries of the Louie Friguglietti Trust (Trust). Cory applied to the trial court for an advance ruling under Probate Code[1] section 21320 on whether a proposed petition would be a contest of the Trust. This petition seeks a determination that handwritten notations on the trust document that reduce Cory's share of a trust asset are not part of the terms of the Trust. The trial court ruled that the proposed petition did not violate the Trust's no contest clause on the ground that a challenge to an instrument other than the instrument containing the no contest clause is not a contest under section 21305, subdivision (a)(3).

Toscano argues Cory's proposed challenge is not protected under section 21305, subdivision (a)(3), because the handwriting is not a separate instrument or document. Toscano further contends that, contrary to Cory's position, the proposed petition is not protected as a pleading seeking an interpretation of the Trust under section 21305, subdivision (b)(9). Rather, the petition seeks to void, nullify or set aside a trust provision.

---

[1] All further statutory references are to the Probate Code.

As discussed below, Cory's proposed challenge is not protected as seeking an interpretation of the Trust. The handwritten notations on the trust instrument were an attempt to amend the Trust and the petition alleges that this "amendment" is invalid. Nevertheless, this "amendment" is not part of the original trust agreement and thus a challenge to its validity is not a contest under section 21305, subdivision (a)(3). Accordingly, the order will be affirmed.

## BACKGROUND

Louie Friguglietti (Trustor) established the Trust on September 30, 2005, as a revocable living trust.

Article II of the Trust provides for the Trust's distribution on the Trustor's death. With respect to Cory, the printed Trust provides: "(a) To ELAINE CORY, the balance remaining from the sale of my real property in Los Banos, APN 081-110-007, consisting of approximately 28.5 acres on Overland Road, after payment of my debts and her share of expenses attributable to the trust administration and any federal and state death taxes attributable to ELAINE CORY's share."

The Trust contains a no contest clause that disinherits any beneficiary who "contests in any court the validity of this trust . . . or seeks to obtain an adjudication in any proceeding in any court that this trust or any of its provisions . . . is void, or seeks otherwise to void, nullify, or set aside this trust or any of its provisions . . . ."

The Trustor executed two separate amendments to the Trust.[2] The first, a handwritten document entitled "First Amendment to The Louie Friguglietti Trust dated Sept. 30 2005," was signed on October 7, 2005. On October 11, 2005, the Trustor executed the "SECOND AMENDMENT TO THE LOUIE FRIGUGLIETTI TRUST DATED: September 30, 2005." This second amendment revoked the first amendment and replaced article II, paragraph (b) of the Trust. Neither amendment concerns the distribution to Cory.

The Trustor died on May 11, 2006.

The trustee provided Cory with a copy of the Trust that includes handwritten interlineations on article II, paragraph (a). There is a caret between "To ELAINE CORY" and "the balance remaining from the sale . . . ." Above the caret is "25% of" and "10.11.05." What appears to be the initials "LF" is

---

[2] The Trust provides that the Trustor may, at any time during his lifetime, amend the Trust by written instrument signed by the Trustor and delivered by certified mail to the trustee.

written over the number "25." The trustee indicated to Cory that, based on these interlineations, Cory would receive 25 percent of the balance remaining from the sale of the 28.5 acres.

Cory filed a section 21320 application requesting the trial court to determine whether a proposed petition would violate the Trust's no contest clause. In this proposed petition, Cory asserts that the court should construe the Trust to mean what the original printed language says and determine that the handwritten notations on the copy of the trust instrument delivered by the trustee to Cory are not part of the Trust. Cory argues that these interlineations cannot be considered an amendment or modification of the Trust because they were not identified as such and were not made in accordance with the Trust's explicit amendment provision.

The trial court ruled that the proposed petition did not violate the Trust's no contest clause. The court determined that the handwritten notations qualified as an instrument other than the instrument containing the no contest clause and thus the challenge to those handwritten notations was not a contest under section 21305, subdivision (a)(3).

## DISCUSSION

█ A "contest" is defined as "any action identified in a 'no contest clause' as a violation of the clause." (§ 21300, subd. (a).) It may be direct or indirect. A direct contest is a pleading that alleges the invalidity of an instrument or one or more of its terms based on one or more of the enumerated grounds. These grounds include lack of due execution. (§ 21300, subd. (b).)

A "no contest clause" is "a provision in an otherwise valid instrument that, if enforced, would penalize a beneficiary if the beneficiary files a contest with the court." (§ 21300, subd. (d).) Such clauses are valid in California and are favored by the public policies of discouraging litigation and giving effect to the testator's expressed purposes. (*Burch v. George* (1994) 7 Cal.4th 246, 254 [27 Cal.Rptr.2d 165, 866 P.2d 92].) Nevertheless, competing public policies also exist. Not only must the court strictly construe a no contest clause because it works a forfeiture (*ibid.*), certain proceedings do not violate a no contest clause by statute as a matter of public policy, notwithstanding anything contrary contained in the pertinent instruments. (§ 21305, subd. (b).)

█ Section 21320 authorizes a declaratory relief proceeding whereby the beneficiary of a trust that either is or has become irrevocable may obtain an advance ruling on whether a particular legal challenge would be a contest. (*Genger v. Delsol* (1997) 56 Cal.App.4th 1410, 1427 [66 Cal.Rptr.2d 527].)

Such an application is not itself a contest. (§ 21320, subd. (b).) However, the application for an advance ruling may not seek a determination of the merits of the legal challenge. (§ 21320, subd. (c); *Genger v. Delsol, supra,* 56 Cal.App.4th at p. 1427.)

Here, the trial court's ruling on Cory's section 21320 application was made without extrinsic evidence. Consequently, the appeal presents a question of law and requires this court to make an independent determination. (*Estate of Hoffman* (2002) 97 Cal.App.4th 1436, 1442 [119 Cal.Rptr.2d 248], superseded by statute on other grounds, as recognized in *Hermanson v. Hermanson* (2003) 108 Cal.App.4th 441, 445 [133 Cal.Rptr.2d 486].)

1. *Section 21305, subdivision (b)(9), is inapplicable to the proposed petition.*

■ Under section 21305, subdivision (b)(9), for documents that become irrevocable on or after January 1, 2001, "notwithstanding anything to the contrary in any instrument," a "pleading regarding the interpretation of the instrument containing the no contest clause" does "not violate a no contest clause as a matter of public policy."

Cory couches her proposed petition as seeking an interpretation of the Trust, i.e., the instrument containing the no contest clause. Therefore, Cory argues, her proposed petition is not a contest under section 21305, subdivision (b)(9).

However, Cory's petition does not allege that any part of the Trust is ambiguous and requires judicial interpretation. Rather, Cory is attempting to invalidate the handwritten notations that were added to the Trust after it was executed. These interlineations, if valid, modify one of the Trust's distributive provisions to reduce Cory's share and increase Toscano's share of a trust asset. According to Cory's petition, these interlineations cannot be considered an amendment because they were not made in accordance with the Trust's explicit amendment provisions. Thus, the petition is seeking to reinstate the original Trust language by invalidating an attempted amendment. Therefore, no interpretation of the Trust is involved. Consequently, section 21305, subdivision (b)(9), is inapplicable.

2. *The proposed petition is not a contest under section 21305, subdivision (a)(3).*

■ Under section 21305, subdivision (a)(3), for instruments executed on or after January 1, 2001, "[a] challenge to the validity of an instrument, contract, agreement, beneficiary designation, or other document, other than

the instrument containing the no contest clause" does "not constitute a contest unless expressly identified in the no contest clause as a violation of the clause." An "instrument" is defined as "a will, trust, deed, or other writing that designates a beneficiary or makes a donative transfer of property." (§ 45.)

In *Estate of Rossi* (2006) 138 Cal.App.4th 1325 [42 Cal.Rptr.3d 244], the court held that the section 21305, subdivision (a)(3), safe harbor applied to a proposed petition to challenge a trust amendment. This amendment was an instrument that was separate from the instrument containing the no contest clause and did not include its own no contest clause. Additionally, the no contest clause at issue failed to expressly identify the action as a violation. (138 Cal.App.4th at p. 1338.)

Similarly, in *Perrin v. Lee* (2008) 164 Cal.App.4th 1239 [79 Cal.Rptr.3d 885], a proposed challenge to two trust amendments based on lack of capacity and undue influence was found to fall within the section 21305, subdivision (a)(3), safe harbor despite the fact that each amendment stated that it confirmed and ratified the trust. The court held that the proposed petition constituted a challenge to the validity of an instrument other than the instrument containing the no contest clause. (164 Cal.App.4th at p. 1249.)

Toscano contends the proposed petition is not protected under section 21305, subdivision (a)(3), because the handwriting is not a separate "instrument" or "document." Rather, Toscano argues, the handwriting is physically part of the Trust instrument and has no meaning without incorporating the relevant Trust provisions.

As noted above, it is clear that the handwritten notations on the Trust were made after the Trust was executed. Accordingly, those handwritten notations are not part of the original Trust instrument and thus are not part of the instrument containing the no contest clause. Rather, whether valid or not, those interlineations constitute an amendment to an original Trust provision.

Moreover, the handwritten interlineations meet the definition of an "instrument." They are a "writing that designates a beneficiary or makes a donative transfer of property." (§ 45.) The fact that this writing is physically part of, and must be read in the context of, the original Trust instrument does not change its status as an instrument "other than the instrument containing the no contest clause." (§ 21305, subd. (a)(3).) The writing is temporally separate from, and amends, the original Trust. Conditioning safe harbor protection for such a writing on there being a physically separate document does not serve the legislative purpose behind section 21305, i.e., to require settlers and testators to expressly identify in no contest clauses the actions that violate the no contest clauses. (Cf. *Estate of Rossi, supra,* 138 Cal.App.4th at p. 1339.)

■ Here, the Trustor took the action of amending the Trust through interlineations added after the Trust was executed. This action was not expressly identified in the no contest clause as a contest. It was also separate from the original Trust. These handwritten notations qualify as an instrument other than the instrument containing the no contest clause. Accordingly, Cory's challenge to the validity of these handwritten notations is not a contest under section 21305, subdivision (a)(3).

## DISPOSITION

The order is affirmed. Costs on appeal are awarded to respondent.

Vartabedian, Acting P. J., and Cornell, J., concurred.