[No. D038803. Fourth Dist., Div. One. Aug. 14, 2002.]

KENTON W. NAIRNE, Plaintiff and Respondent, v.
MARILYN JESSOP-HUMBLET, as Trustee, etc., Defendant and
Appellant.

## COUNSEL

Luce, Forward, Hamilton & Scripps, Charles A. Bird and Mary F. Gillick for Defendant and Appellant.

Ward & Thorn and Richard D. Thorn for Plaintiff and Respondent.

## OPINION

**KREMER, P. J.**—Marilyn Jessop-Humblet, as trustee of the Humblet Family Trust, appeals an order that Kenton W. Nairne's proposed complaint would not violate a no contest clause in the Humblet Family Trust. Nairne claimed, in his proposed complaint, that Marilyn and her husband had orally agreed to give certain property to him and therefore that property should not have been included in the trust. We conclude the proposed complaint would constitute a contest and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

Marilyn[1] and her husband, Michael Humblet, created the Humblet Family Trust on June 24, 1996. Marilyn had four children from a prior marriage, including Nairne.

The trust included real property which was specified on an attached schedule. Among the properties listed on the schedule was 502 Henderson Canyon Road in Borrego Springs, California (502 property). The trust provided that upon the death of one of the spouses, the trust would be divided into a survivor's trust for the benefit of the surviving spouse and a bypass trust for the benefit of the surviving spouse and any issue. Upon the death of the surviving spouse, the trust provided that generally the real estate assets were to remain in the trust until a majority of the trustees voted to sell

---

[1]We use Marilyn's first name for the sake of convenience. We intend no disrespect.

the property, at which point the proceeds would be divided among Marilyn's children. The one exception was a property located at 1482 Rango Road in Borrego Springs (the Emu Ranch); the trust provided that upon the death of the surviving spouse, Nairne was to have one-half the property, and the other half of the property was to be distributed equally to Marilyn's other children.

The trust also contained the following no contest clause: "A contestant shall be considered to have predeceased both settlors without surviving issue and not to be in existence at the time of either settlor's death. For purposes of this instrument, 'contestant' means any person other than the settlor(s) who, directly or indirectly, voluntarily participates in any proceeding or action in which such person seeks to void, nullify, or set aside (1) any provision of this instrument; (2) any provision of either settlor's will that gives property to the trustees of any trust under this instrument; or (3) any amendment of this instrument or codicil of either settlor's will."

Humblet died in July 1999.

In May 2001, Nairne petitioned for a determination that his proposed complaint would not violate the no contest clause of the trust. In his complaint, Nairne alleged that in 1996 Marilyn and Humblet had promised him that if he moved into the 502 property, helped with a business venture of raising emus and remained on the property, the property would be his and would be deeded to him upon Humblet's death.[2] Nairne alleged that pursuant to this oral agreement, he was to receive "all property, earnings, and income acquired or accumulated from this property," and that after Humblet's death, he "would receive the property, earnings, and income in his own name." Nairne alleged Marilyn had breached this agreement by demanding he pay rent for the property and asserting the property was included in "the Deceased Spouse Trust." Nairne sought damages or a constructive trust for breach of contract and for quantum meruit. He also sought to quiet title to the property.

## DISCUSSION

The standard for reviewing whether a claim will violate a no contest clause was stated by the Supreme Court in *Burch v. George* (1994) 7 Cal.4th 246, 254-255 [27 Cal.Rptr.2d 165, 866 P.2d 92]:

"An in terrorem or no contest clause in a will or trust instrument creates a condition upon gifts and dispositions provided therein. [Citation.] In essence, a no contest clause conditions a beneficiary's right to take the share

---

[2]Nairne also alleged that he had an interest in other property at 149 and 153 Wabash Lane, Sugarloaf, California—property not specifically listed in the trust as being trust property and not at issue in this appeal.

provided to that beneficiary under such an instrument upon the beneficiary's agreement to acquiesce to the terms of the instrument. [Citation.]

"No contest clauses are valid in California and are favored by the public policies of discouraging litigation and giving effect to the purposes expressed by the testator. [Citations.] Because a no contest clause results in a forfeiture, however, a court is required to strictly construe it and may not extend it beyond what was plainly the testator's intent. [Citations.]

" 'Whether there has been a "contest" within the meaning of a particular no-contest clause depends upon the circumstances of the particular case and the language used.' [Citations.] '[T]he answer cannot be sought in a vacuum, but must be gleaned from a consideration of the purposes that the [testator] sought to attain by the provisions of [his] will.' [Citation.] Therefore, even though a no contest clause is strictly construed to avoid forfeiture, it is the testator's intentions that control, and a court 'must not rewrite the [testator's] will in such a way as to immunize legal proceedings plainly intended to frustrate [the testator's] unequivocally expressed intent from the reach of the no-contest clause.' " (Fn. omitted.)

■ Factors relevant to determining whether a claim involving the characterization, inclusion or distribution of a certain item of property in a testamentary instrument is a contest include the particular language of the no contest clause; whether the testamentary instrument specifically enumerates the property and its distribution; whether the testamentary instrument specifically characterizes the property (e.g., as separate versus community property); and whether the challenge, if successful, would result in thwarting the testator's intent. (See *Burch v. George, supra,* 7 Cal.4th 246, 254-255.)

Thus, in *Burch v. George, supra*, 7 Cal.4th 246, the Supreme Court held that a broadly written no contest clause would be violated by a widow's challenge of the deceased's characterization of property as his "separate property" even though her challenge was based on a right independent of the will, i.e., her rights under community property law. (*Id.* at pp. 251-252.) The testator in *Burch* had specifically designated the property as his separate property and had provided for distribution of the particular properties. The Supreme Court found, based on the language of the will, that the testator had intended to force the widow to elect between taking under the will or pursuant to her community property rights, and that her attempt to recharacterize the property would result in thwarting the testator's distribution scheme and therefore violate the no contest clause's requirement of forfeiture if a beneficiary sought to contest or otherwise void, nullify or set aside the trust instrument or any of its provisions. (*Id.* at pp. 252-253.)

Similarly, in *Estate of Pittman* (1998) 63 Cal.App.4th 290 [73 Cal.Rptr.2d 622], the court held that a petition by the decedent's children seeking to recharacterize, as "community," property that had been listed in the will as "separate property" violated a no contest clause prohibiting beneficiaries from seeking " 'to obtain an adjudication in any proceeding in any court' " that any of the provisions in the trust or will were void or seeking " 'otherwise to void, nullify, or set aside this trust or any of its provisions.' " (*Id.* at p. 294.) The court found the petition violated the no contest clause because it sought to set aside a provision of the trust. (See also *Estate of Kazian* (1976) 59 Cal.App.3d 797 [130 Cal.Rptr. 908] [action by husband to establish community property interest in property violated the no contest clause of a will, where the will specified that all the property was the testator's separate property, having been either owned by the testator prior to her marriage or acquired during the marriage with proceeds from property she owned prior to the marriage].)

In contrast, if the testamentary instrument refers only to "my estate" or "property of which I have a right to dispose," then a challenge as to whether property is subject to a community property or other interest will not generally violate a no contest clause. (See *Estate of Richter* (1993) 12 Cal.App.4th 1361, 1369-1370 [16 Cal.Rptr.2d 108].) For example, in *Estate of Black* (1984) 160 Cal.App.3d 582, 591 [206 Cal.Rptr. 663], the will described the testator's estate in general terms and contained a statement that he intended to dispose of the property "which I have the right to dispose of by will." The court held a petition by the decedent's cohabitant to establish *Marvin*[3] rights in the testator's property did not violate the will's no contest clause which prohibited beneficiaries from "directly or indirectly, contest[ing] or attack[ing] this will or any of its provisions" because the language of the will indicated the testator did not intend to dispose of property in which his cohabitant had a *Marvin* interest. (*Estate of Black, supra,* at p. 586.)

 Nairne contends that his complaint seeks to establish and enforce an oral contract that was based on a right independent of the trust, therefore his complaint would not constitute a contest within the meaning of the trust provision. He relies principally on two cases: *Estate of Watson* (1986) 177 Cal.App.3d 569 [223 Cal.Rptr. 14] and *Estate of Black, supra,* 160 Cal.App.3d 582. Both cases contain some broad language suggesting that actions seeking to enforce an oral contract independent of a will do not

---

[3]*Marvin v. Marvin* (1976) 18 Cal.3d 660 [134 Cal.Rptr. 815, 557 P.2d 106] held that an individual cohabiting with another person may be entitled to enforce property rights based upon an express or implied-in-fact agreement with the cohabitant, and that other equitable remedies may be available to protect the individual's reasonable expectations.

constitute "contests," but the Supreme Court has made clear that there is no "categorical proposition that any proceeding based upon a claim of right independent of a will or trust instrument is never a contest for purposes of the no contest law." (*Burch v. George, supra,* 7 Cal.4th 246, 261.)

As we noted above, the holding in *Estate of Black* that the petitioner's claim for *Marvin* rights did not violate the no contest clause was based on the will's language indicating the testator had an intent to dispose of only that property of which he had a right to dispose; he did not intend to dispose of property in which his cohabitant had *Marvin* rights. In contrast here, the trust specified that the 502 property was included in the trust and was intended to be disposed of according to the trust terms.

In *Estate of Watson, supra,* 177 Cal.App.3d 569, the court held there was no violation of a no contest clause prohibiting beneficiaries from " 'contest-[ing] or seek[ing] to impair or invalidate any of [the will's] provisions' " by the filing of a creditor's claim by two daughters seeking to establish that their stepmother had entered into an oral agreement whereby their father had agreed to leave all his property to their stepmother except for $100,000 in specific bequests to them in exchange for the stepmother transferring a certain property to the daughters when she died. (*Id.* at pp. 573-574.) The court noted the claim would not thwart the testator's intent; their father's will had provided that all his property was to go the stepmother except for $100,000 in specific bequests to his daughters; and the daughters' claim was filed in the stepmother's estate claiming that the stepmother had violated the oral agreement. (*Ibid.*)

In contrast here, Nairne's complaint directly attacks a provision of the trust, i.e., the inclusion and disposition of the 502 property. His complaint, if successful, would frustrate Marilyn's and Humblet's intent that the 502 property be included in the trust, that the surviving spouse have the benefit of all the trustors' community property, and that, upon the death of the surviving spouse, the proceeds from the sale of the trust property (with the exception of the Emu Ranch property) would be equally divided among Marilyn's children.

The trial court, in reaching its decision, relied on *Varney v. Superior Court* (1992) 10 Cal.App.4th 1092 [12 Cal.Rptr.2d 865] for the proposition that since Nairne's proposed complaint was based on "an alleged oral contract . . . which is independent of the Humblet Family Trust," Nairne's proposed complaint would not constitute a contest. The court's reliance was misplaced.

Initially, we note that while *Varney* does contain some language indicating that a claim based on a right independent of a will is not a contest (see

*Varney v. Superior Court, supra,* 10 Cal.App.4th 1092, 1102), *Varney* was not decided on that basis and the decision was issued before the *Burch* case, where the Supreme Court made it clear that there is no "categorical proposition that any proceeding based upon a claim of right independent of a will or trust" is not a contest. *(Burch v. George, supra,* 7 Cal.4th 246, 261.)

The *Varney* court held a petitioner's claim would not violate a no contest clause in a will. In *Varney,* the testator in his will left specified percentages of his estate to his relatives as well as 10 percent to the petitioner. The petitioner claimed that he and the testator had entered into an oral agreement whereby the petitioner provided services at reduced prices at a restaurant purchased by the testator in exchange for the testator's promise to give him the restaurant and restaurant stock when he died. While the petitioner argued that his claim would not violate the will's no contest clause because it was based on an oral contract, and the petitioner prevailed on appeal, the court's decision was not based on this ground, but rather on interpretation of the language of the no contest clause and the testator's intent. The no contest clause was much narrower than the one here and required forfeiture only if a beneficiary " 'shall contest in any Court any of the provisions of this instrument, or shall not defend or assist in good faith in the defense of any and all such contests.' " *(Varney v. Superior Court, supra,* 10 Cal.App.4th 1092, 1096, 1097.) The court noted the word "contest" generally has a technical sense and there was no indication the word was not used in its technical, legal sense since the will had been prepared by an attorney. *(Id.* at p. 1107.) In its technical sense, "contest" refers to a challenge based on issues such as undue influence, competency, etc. (See *Estate of Watson, supra,* 177 Cal.App.3d 569, 572 [the word "contest" is sometimes construed as how the word "contest" is used in Prob. Code, §§ 6100.5, 6104].) Additionally, the *Varney* court noted that the will left specified percentages of the estate to several persons (rather than particular items of property). The petitioner was thus not seeking to impose a constructive trust on specific bequests left to other beneficiaries, and therefore allowing petitioner to proceed on his claim did not thwart the testator's intent. *(Varney,* at p. 1107.)

In contrast here, the no contest clause is broadly written; it is not limited to a "contest" but includes forfeiture if any beneficiary "directly or indirectly, voluntarily participates in any proceeding or action in which such person seeks to void, nullify, or set aside (1) any provision of this instrument." Further, in contrast to the *Varney* case, the 502 property is specified as trust property.

We conclude the court erred in finding that Nairne's proposed complaint would not violate the no contest clause of the Humblet Family Trust. Accordingly, we reverse.

## DISPOSITION

The order is reversed. Appellant is to be awarded costs on the appeal.

Benke, J., and McIntyre, J., concurred.

A petition for a rehearing was denied August 14, 2002.