[No. G030108. Fourth Dist., Div. Three. Jan. 9, 2003.]

In re the Marriage of THOMAS A. SPRAGUE and TOBY
SPIEGEL-SPRAGUE.
THOMAS A. SPRAGUE, Respondent, v.
TOBY SPIEGEL-SPRAGUE, Respondent;
JAMES C. BOOTH, Appellant.

**COUNSEL**

Law Offices of James C. Booth and James C. Booth for Appellant.

Law Offices of Elva C. Wallace and Elva C. Wallace for Respondent Toby Spiegel-Sprague.

No appearance for Respondent Thomas A. Sprague.

**OPINION**

**FYBEL, J.**—We hold a creditor must obtain relief from the automatic bankruptcy stay to pursue a family law matter in state court when the family

law matter is a core bankruptcy proceeding. Although the state court has concurrent jurisdiction with the bankruptcy court over family law matters, the bankruptcy court has exclusive jurisdiction to determine whether a family law matter that is a core bankruptcy proceeding is excepted from the automatic bankruptcy stay.

James C. Booth appeals from an order dismissing his order to show cause regarding contempt and dismissing with prejudice "[a]ny and all actions concerning the claim by Mr. Booth for attorney fees owed by the Respondent, Toby Spiegel-Sprague." We affirm. Booth's claim for $4,500 in attorney fees was listed as a debt on Toby Spiegel-Sprague's bankruptcy petition. Booth did not obtain relief from the automatic bankruptcy stay to pursue his action in state court to characterize the attorney fees as a nondischargeable debt. The resulting state court order characterizing the attorney fees as nondischargeable was therefore void, and Booth's claim for attorney fees was discharged in bankruptcy.

## FACTS AND PROCEEDINGS

In August 1998, Thomas A. Sprague (Thomas) filed an action in superior court to dissolve his marriage to Toby Spiegel-Sprague (Toby).[1] Booth represented Thomas in the dissolution action until early 1999, when Thomas substituted in new counsel. After being relieved as counsel, Booth moved pursuant to *In re Marriage of Borson* (1974) 37 Cal.App.3d 632 [112 Cal.Rptr. 432] (*Borson*) for an order to set his fees and to have Toby pay them. In an order dated September 9, 1999 (the *Borson* Order), the trial court ordered Toby to pay $4,500 of Booth's attorney fees in installments of $500 per month.

In November 1999, Thomas and Toby reached a stipulation to settle a related but separate action. The stipulation stated the parties agreed to dismiss Thomas's dissolution action with prejudice and "all orders in effect under said case shall be dismissed likewise and deemed null and void ab initio." Pursuant to the stipulation, the dissolution action was dismissed on January 26, 2000.

On March 1, 2000, Booth filed an order to show cause against Toby for contempt in an effort to enforce the *Borson* Order. Booth contended Toby failed to make installment payments.

On June 7, 2000, Toby filed a chapter 7 petition for bankruptcy. Booth was listed in the petition as an unsecured creditor owed the sum of $4,500.

---

[1]We use these first names to avoid confusion and intend no disrespect. (*Nairne v. Jessop-Humblet* (2002) 101 Cal.App.4th 1124, 1126, fn. 1 [124 Cal.Rptr.2d 726].)

On June 9, 2000, the court in the dissolution action heard Booth's order to show cause. The notice of ruling reflects that Toby's counsel appeared at the hearing and advised the court of Toby's bankruptcy petition. The court ordered Toby to keep Booth apprised of the bankruptcy status.

On August 25, 2000, Booth filed another order to show cause (the characterization action) in the dismissed dissolution action seeking an order characterizing the attorney fees awarded by the *Borson* Order as a nondischargeable debt "in the nature of support." Booth did not seek relief from the automatic stay from the bankruptcy court to file the characterization action.

On September 18, 2000, the bankruptcy court entered an order granting Toby a discharge pursuant to 11 United States Code section 727. Booth never appeared in the bankruptcy proceeding to assert the *Borson* attorney fees award was not dischargeable.

On September 20, 2000, Toby filed in the dismissed dissolution action a notice asserting the characterization action violated the automatic bankruptcy stay under 11 United States Code section 362(b)(2)(B). Toby argued "[u]nless and until BOOTH applies to the Bankruptcy Court for relief from the Automatic Stay to proceed or, more properly, initiates an action in the Bankruptcy Court seeking the Bankruptcy Court's determination of 'nondischargeability[,]' [t]his Court *must* refuse to hear the pending application." Toby also asserted the attorney fees were not "in the nature of support" and therefore were discharged by the bankruptcy.

The court nonetheless considered and granted Booth's request. In an order entered November 20, 2000 (the characterization order), the court found the *Borson* attorney fees "to have been intended as, and [are] in fact in the nature of support within the meaning of the Federal Bankruptcy Code, Section 523 (11 USC 523)."

On March 21, 2001, Booth moved to restore his order to show cause regarding contempt to the court's calendar. The court set the matter for hearing on June 8. Toby filed an objection to jurisdiction, asserting the *Borson* attorney fees award had been discharged in the bankruptcy.

The order to show cause was continued several times and finally taken under submission on October 5, 2001. On November 2, the court entered an order dismissing the order to show cause on the ground the *Borson* attorney fees award had been discharged in the bankruptcy. The court stated: "The debt for attorney fees owed to Mr. James Booth was discharged in the bankruptcy action on September 18th, 2000. . . . Mr. Booth could have

availed himself of the right to oppose the discharge by appearing at the creditors meeting. Since there was no debt left when Mr. Booth's motion was heard by Judge Cannon's court, the actions by Judge Cannon had no legal effect. In fact the debt had been discharged over a month before his motion was heard and ruled upon. The debt no longer existed at that time. [¶] Since there was no valid debt to be enforced, no action for contempt in failing to pay the debt can be a valid action because of a lack of jurisdiction."

On December 14, 2001, the court entered a formal order dismissing with prejudice "[a]ny and all actions concerning the claim by Mr. Booth for attorney fees owed by the Respondent, Toby Spiegel-Sprague" and reiterating the reasons stated in the November 2 order. Booth timely appealed.

## DISCUSSION

The gist of Booth's argument on appeal is that the state courts have concurrent jurisdiction with the bankruptcy courts over family law matters, and therefore he was free to pursue the characterization action in state court without obtaining relief from the automatic stay from the bankruptcy court. The characterization order, Booth argues, was binding on the bankruptcy court and on the state court that denied his order to show cause.

Booth wrongly equates concurrent jurisdiction over the family law matter with concurrent jurisdiction over the issue whether the family law matter is excepted from the automatic bankruptcy stay. With some exceptions, all proceedings against the debtor and the debtor's property are stayed during the pendency of the bankruptcy. (11 U.S.C. § 362(a)(1) & (2).) The automatic stay is self-executing and is effective upon filing the bankruptcy petition. (See 11 U.S.C. § 362(a).) Any action, including any judicial proceeding, taken in violation of the automatic stay is void. (*In re Gruntz* (9th Cir. 2000) 202 F.3d 1074, 1082.)

A state court does not have concurrent jurisdiction to determine the scope and applicability of the automatic stay with respect to a core bankruptcy proceeding. (*In re Gruntz, supra*, 202 F.3d at pp. 1082-1083.) Bankruptcy courts have the sole authority to determine the scope of the automatic stay imposed by 11 United States Code section 362(a), subject to federal appellate review. (*In re Gruntz, supra*, 202 F.3d at p. 1087.)

In general, a " 'core proceeding' " in bankruptcy is one that " 'invokes a substantive right provided by title 11 or . . . a proceeding that, by its nature, could arise only in the context of a bankruptcy case.' " (*In re Gruntz, supra,*

202 F.3d at p. 1081.) " 'Non-core proceedings' are those not integral to the restructuring of debtor-creditor relations and not involving a cause of action arising under title 11." (*Ibid.*) Core proceedings are defined to include "allowance or disallowance of claims against the estate," "motions to terminate, annul, or modify the automatic stay," and "determinations as to the dischargeability of particular debts." (28 U.S.C. § 157(b).)

A discharge in bankruptcy does not discharge a "liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support." (11 U.S.C. § 523(a)(5)(B).) The characterization action sought to have the *Borson* attorney fees award designated as "in the nature of alimony, maintenance, or support" so that the fees would not be dischargeable by Toby's bankruptcy. (*Ibid.*) Accordingly, the characterization action was a core bankruptcy proceeding. Booth therefore could proceed in state court on the characterization action only by first obtaining relief from the automatic stay from the bankruptcy court. Booth failed to do so. Merely serving the bankruptcy trustee with the characterization action was not enough. " '[B]ecause only an order of the bankruptcy court can authorize any further progress in the stayed proceedings, it follows that the continuation of . . . [the stayed] proceeding can derive legitimacy only from the bankruptcy court order.' " (*Noli v. C.I.R.* (9th Cir. 1988) 860 F.2d 1521, 1525.)

Excepted from the automatic bankruptcy stay is "the collection of alimony, maintenance, or support *from property that is not property of the estate.*" (11 U.S.C. § 362(b)(2)(B), italics added.) Booth does not contend the *Borson* Order involves collection of a debt from property that is not property of the estate. Even if he did, the bankruptcy court had sole jurisdiction to determine whether the *Borson* Order came within this exception.

Several federal cases recognize that bankruptcy courts should defer to state courts in resolving family law matters. (E.g., *In re Siragusa* (9th Cir. 1994) 27 F.3d 406, 408; *Carver v. Carver* (11th Cir. 1992) 954 F.2d 1573, 1578; *In re Harrell* (11th Cir. 1985) 754 F.2d 902, 907.) The cases do not hold, however, that the creditor need not obtain relief from stay to pursue the family law matter in state court when the family law matter is a core bankruptcy proceeding.

Booth failed to obtain relief from the automatic stay; therefore, the characterization order is void. Because the characterization order is void, it has no preclusive effect on any court and cannot be enforced. Booth never

asked the bankruptcy court for a determination the *Borson* attorney fees were nondischargeable. Thus, the bankruptcy court's order granting Toby discharge in bankruptcy discharged the *Borson* attorney fees. As a result, Booth was enjoined from enforcing the attorney fees award. (11 U.S.C. § 524(a).) Toby could not be held in contempt for failing to pay a discharged debt. The court below was therefore correct to dismiss Booth's order to show cause.

Booth cites *Cummings v. Cummings* (11th Cir. 2001) 244 F.3d 1263 and *In re Siragusa, supra,* 27 F.3d 406 in support of the proposition he could pursue the characterization action in state court. Neither case helps him. *Cummings v. Cummings, supra,* 244 F.3d 1263 confirms that the state court's concurrent jurisdiction over family law matters does not relieve the creditor from the requirement of obtaining relief from the automatic stay to pursue a core proceeding in state court. In *Cummings v. Cummings,* the Eleventh Circuit Court of Appeals reversed a bankruptcy court decision and remanded for the court to reconsider whether an equitable spousal distribution was dischargeable. The Eleventh Circuit noted that on remand the wife "*may* seek relief" from the automatic stay to have the matter decided by the divorce court, and the bankruptcy court "*may* choose to await clarification by the divorce court." (*Id.* at p. 1267, italics added.)

In *In re Siragusa, supra,* 27 F.3d 406, the wife filed a motion in state court to have alimony modified based upon her ex-husband's prior bankruptcy discharge of a property settlement obligation. (*Id.* at p. 407.) The husband's bankruptcy had been discharged and no bankruptcy proceeding was pending when the wife filed the state court motion. After the state court modified alimony, the husband filed a new complaint in bankruptcy court alleging the modification violated the standing injunction of 11 United States Code section 524, which prohibits creditors from attempting to collect debts that were discharged in bankruptcy. (*In re Siragusa,* at p. 407.) The bankruptcy court dismissed the husband's complaint, deferring, in the interest of comity, to the state court's determination on an issue of family law. (*Ibid.*) The Ninth Circuit Court of Appeals affirmed, holding the bankruptcy court did not abuse its discretion in so deferring. (*Id.* at p. 409.)

In *In re Siragusa,* there was no issue whether the wife's motion to modify alimony violated the automatic stay because the husband's bankruptcy long since had been discharged when she brought the motion. The state court did not attempt to reinstate the discharged property settlement debt or decide anew any issue already decided by the bankruptcy court. The Ninth Circuit simply recognized the bankruptcy court properly deferred to the state court's resolution of the family law matter.

Here, in contrast, Toby's bankruptcy was pending when Booth brought the characterization action asking the state court to decide a core bankruptcy issue. Booth did not request or obtain an order from the bankruptcy court granting him relief from the automatic stay to pursue the characterization action. If a state court proceeds without the creditor obtaining relief from the automatic stay, the state court "risks having its final judgment declared void." (*In re Gruntz, supra,* 202 F.3d at p. 1087.) Booth took that risk.

In light of our conclusion, we need not address Toby's argument that dismissal of the dissolution action before Booth filed the characterization action rendered it invalid.

### DISPOSITION

We affirm the order dismissing Booth's order to show cause and dismissing any and all actions concerning Booth's claim for attorney fees against Toby Spiegel-Sprague. Respondent shall recover her costs on appeal.

Sills, P. J., and Aronson, J., concurred.