[No. B180714. Second Dist., Div. Eight. Nov. 14, 2005.]

WILLY ZWIRN, Plaintiff and Appellant, v.
HANNY SCHWEIZER, as Acting Successor Trustee, etc., Defendant and
Respondent.

COUNSEL

Sacks, Glazier, Franklin, & Lodise, Robert N. Sacks and Matthew W. McMurtrey for Plaintiff and Appellant.

Stern & Goldberg, Ellis Stern and Kien C. Tiet for Defendant and Respondent.

OPINION

**COOPER, P. J.**—The trial court ruled that appellant Willy Zwirn's filing of creditor's claims to property in his aunt's trust and estate would violate no contest clauses in documents signed by his aunt in her trust and will.[1] Appellant contends that the applicable statutes, read with the no contest clauses at issue, mandate a conclusion that filing such creditor claims does not constitute a contest. Concluding that the proposed litigation constitutes a contest, we shall affirm the orders of the trial court.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Appellant is the nephew of Sam Cwiren, who was married to Frieda Cwiren. Sam died in 1996, and Frieda died in 2003.[2] Appellant alleges that

---

[1] In order to save the court and parties additional expense, the parties agreed that Willy's filing his papers in only the trust litigation would also bind the probate proceedings.

[2] "We use the parties' first names to avoid confusion and intend no disrespect. (*Nairne v. Jessop-Humblet* (2002) 101 Cal.App.4th 1124, 1126, fn. 1 [124 Cal.Rptr.2d 726].)" (*In re Simundza* (2004) 121 Cal.App.4th 1513, 1515, fn. 1 [18 Cal.Rptr.3d 377].)

he was very close to both of them, lived with them after World War II, and they became his surrogate parents. Moreover, according to appellant, over the years Sam and Frieda told him and others that when both died, he would receive 50 percent of their assets (representing Sam's share) and the remaining 50 percent would go to Frieda's blood relatives. His "claim" is based on that oral agreement. Appellant claims that near the end of her life Frieda changed her estate plan to favor her own blood relatives, giving certain specific gifts to them, leaving 75 percent of the residue to Hanny Schweizer[3] and the remaining 25 percent of the residue in trust, with appellant to receive the income from that 25 percent share and possible discretionary payment from principal, with the assets passing to a grandnephew of Frieda's upon appellant's death. The trust and will are both dated August 7, 2003.

Appellant believes he is entitled to receive 50 percent of all assets and would like to enforce the "contract between Sam and Frieda" as its intended beneficiary. To assert those alleged rights, he alleges he must file creditor's claims. He filed a petition under Probate Code section 21320[4] asking for a determination that the filing of creditor's claims and prosecuting actions based on those claims would not violate the no contest clauses in Frieda's will and trust.

The no contest clause in Frieda's trust states in pertinent part:

"Except as otherwise provided in this document, Trustor has intentionally and with full knowledge omitted to provide for his [*sic*] heirs. If any beneficiary under this trust, singly or in conjunction with any other person or persons, contests in any court the validity of this trust or of Trustor's last will or seeks to obtain an adjudication in any proceedings in any court that this trust or any of its provisions or that such will or any of its provisions is void, or seeks otherwise to void, nullify, or set aside this trust or any of its provisions, then that person's right to take any interest given to him or her by this trust shall be determined as it would have been determined if the person had predeceased the execution of this declaration of trust without surviving issue. The provisions of this paragraph shall not apply to any disclaimer by any person of any benefit under this trust or under any will."

The no contest clause in Frieda's will states: "I have intentionally omitted making provision for all of my heirs who are not specifically mentioned

---

[3] Ms. Schweizer is the niece and blood relative of Frieda as well as the acting successor trustee of the trust and the court-appointed executor of Frieda's probate estate.

[4] Probate Code section 21320, subdivision (a), has been characterized as a "safe harbor" petition by which a beneficiary can ask the court to determine that the planned petition, motion or act is not a contest: "(a) If an instrument containing a no contest clause is or has become irrevocable, a beneficiary may apply to the court for a determination of whether a particular motion, petition, or other act by the beneficiary . . . would be a contest within the terms of the no contest clause." (See *Estate of Davies* (2005) 127 Cal.App.4th 1164, 1166 [26 Cal.Rptr.3d 239].) All further statutory references are to the Probate Code.

herein. If any such person, or any heir, legatee or beneficiary under this Will shall contest any of the provisions of this Will, then any such person shall lose any benefit hereunder, and any legacies otherwise provided to be paid to such person, shall be paid, distributed and pass as though such person had died without issue before my death."

The successor trustee objected to appellant's petition. She argued that the petition should be denied both because the alleged oral contract did not meet the requirements of former Probate Code section 150[5] and, relying on *Nairne v. Jessop-Humblet* (2002) 101 Cal.App.4th 1124 [124 Cal.Rptr.2d 726], and *Burch v. George* (1994) 7 Cal.4th 246 [27 Cal.Rptr.2d 165, 866 P.2d 92], that appellant is trying to defeat the purpose and intent of the no contest clause by characterizing his attempt to defeat the will and trust as a "claim" when in reality it is no more than a dispute as to title to property in the trust estate.

Appellant filed a supplement to his petition in which he argued he need not attach a proposed creditor's claim to the petition.[6] He also alleged that the contract referred to in his petition "was an oral contract that was ultimately memorialized by as least one formal estate plan as alleged in paragraph no. 4 in the Petition." In his reply to objections, appellant relied on Probate Code section 21305, subdivision (a)(1), which then provided: "For instruments executed on or after January 1, 2001, the following actions do not constitute a contest unless expressly identified in the no contest clause as a violation of the clause: [¶] . . . The *filing of a creditor's claim or prosecution of an action based on it.*" (Stats. 2000, ch. 17, § 5, italics added.) He argues that a complaining party must file a creditor's claim regarding a breach of contract. (*Wilkison v. Wiederkehr* (2002) 101 Cal.App.4th 822, 829 [124 Cal.Rptr.2d 631] [discussing enforceability of contract to make a will].)

The matter was argued July 20, 2004, with appellant relying on section 21305. On November 23, 2004, the court issued its order sustaining the objections, denying the petition without prejudice, and finding the proposed action contemplated in the petition "would constitute a violation of the no-contest clause provisions in both the Trust and Will of Frieda Cwiren." This appeal is from that order.[7]

---

[5] Respondent argues this point on appeal. The merits of a claim cannot be decided in a section 21320 petition. (*Estate of Hoffman* (2002) 97 Cal.App.4th 1436, 1447 [119 Cal.Rptr.2d 248], superseded by statute on other grounds, as recognized in *Hermanson v. Hermanson* (2003) 108 Cal.App.4th 441, 445 [133 Cal.Rptr.2d 486]; accord, *Estate of Davies, supra*, 127 Cal.App.4th 1164, 1173; see also *Estate of Kaila* (2001) 94 Cal.App.4th 1122, 1136 [114 Cal.Rptr.2d 865] ["if the merits of the action itself must be determined, the section 21320 petition will not be entitled to safe harbor protection"].)

[6] Nevertheless, in his second supplement to the petition, appellant attached proposed creditor's claims. The claims were based on the alleged oral contract between Sam and Frieda.

[7] The order is appealable. (*Estate of Davies, supra*, 127 Cal.App.4th 1164, 1172, fn. 7.)

## CONTENTIONS ON APPEAL

Appellant contends that, as a matter of law, Probate Code section 21305, subdivision (a)(1), controls and mandates reversal. Respondent characterizes appellant as an "unhappy beneficiary" who is attempting to "defeat the clear and specific property distribution provisions contained in the decedent's estate planning documents" and his attempt violates the no contest clause in decedent's trust and will.

## DISCUSSION

*The proposed actions violate the no contest clauses and do not fall within the "creditor's claim" exception of Probate Code section 21305.*

Appellant contends that his effort to enforce the alleged oral contract between Sam and Frieda is a "creditor's claim" and therefore does not constitute a contest in violation of the no contest clauses in Frieda's will and trust.

Probate Code section 21305 (added by Stats. 2000, ch. 17, § 5 and amended by Stats. 2002, ch. 150, § 2, italics added) provides:

"(a) For instruments executed on or after January 1, 2001, the following *actions do not constitute a contest unless expressly identified in the no contest clause as a violation of the clause*:[8]

"(1) *The filing of a creditor's claim or prosecution of an action based upon it.*

"(2) An action or proceeding to determine the character, title, or ownership of property.

"(3) A challenge to the validity of an instrument, contract, agreement, beneficiary designation, or other document, other than the instrument containing the no contest clause.

"(b) Except as provided in subdivision (d), notwithstanding anything to the contrary in any instrument, *the following proceedings do not violate a no*

---

[8] Respondent does not argue that the action was "*expressly identified in the no contest clause as a violation of the clause,*" which would take the claim outside the safe harbor intended for the actions specified by section 21305.

*contest clause as a matter of public policy*: . . . [listing 11 specific pleadings and a petition to compel an accounting.]

"(c) Subdivision (a) does not apply to a codicil or amendment to an instrument that was executed on or after January 1, 2001, unless the codicil or amendment adds a no contest clause or amends a no contest clause contained in an instrument executed before January 1, 2001.

"(d) Subdivision (b) shall apply only to instruments of decedents dying on or after January 1, 2001, and to documents that become irrevocable on or after January 1, 2001. However, paragraphs (9), (11), and (12) of subdivision (b) shall only apply to instruments of decedents dying on or after January 1, 2003, and to documents that become irrevocable on or after January 1, 2003.

"(e) The provisions of paragraphs (6), (9), and (11) of subdivision (b) do not apply if the court finds that the filing of the pleading is a direct contest of an instrument or any of its terms, as defined in Section 21300. . . ." (Italics added.)[9]

It seems clear to us that if the beneficiary had a contractual claim that did not involve a result which, if successful, would alter the intent of the testator regarding the general disposition plan of the trust or will estate containing the no contest provisions, that claim would be a "creditor's claim" pursuant to section 21305. For example, if Sam and Frieda had contracted with appellant to fix their roof or buy them clothes, a claim for the money owing would probably be appropriate as a "creditor's claim" and not in contravention of the no contest clauses.

The issue in the case at bench is more complex, involving a claim that goes directly to the testator's plan of distribution, not merely the amount of money given to a creditor or the reduced amount given to other beneficiaries because of the creditor's claim. Both sides supply authorities reaching contrary results regarding whether similar claims contravene no contest clauses. With few exceptions, most of the California authority cited predates the enactment in 2000 of section 21305, with its specific exemption for the "filing of a creditor's claim or prosecution of an action based upon it."

The trial court concluded that appellant's proposed action fell outside the statute and would constitute a contest. No specific grounds were given. The primary rationale for such a conclusion is that to decide otherwise would

---

[9] Before the 2002 amendment, Probate Code section 21305, subdivision (a)(1) also provided that "filing of a creditor's claim or prosecution of an action based upon it" did not constitute a contest unless so identified in the no contest clause.

allow those challenging the dispositions set forth in wills and trusts merely to characterize their challenge as a "creditor's claim" and in effect make meaningless no contest clauses, at least those that do not contain an express identification of the filing of a creditor's claim as a violation of the clause. We agree.

■ This division recently set forth the history and law regarding in terrorem or no contest clauses, giving examples of claims that have been held to constitute contests and those that do not. (See *Estate of Strader* (2003) 107 Cal.App.4th 996, 1002–1007 [132 Cal.Rptr.2d 649].) Such clauses are valid in California but must be strictly construed and not extended beyond the wish of the testator. (*Id.* at p. 1002, citing *Burch v. George, supra,* 7 Cal.4th 246, 254–255.)

In *Burch v. George, supra*, 7 Cal.4th 246, 251–252, our Supreme Court concluded that a wife's litigation of her rights as a surviving spouse to certain assets in the trust estate, relying on California community property laws and federal ERISA law, would be a "contest" in violation of the instrument's no contest clause. The court in *Burch v. George, supra,* at page 255, emphasized that the testator's intentions control and a court " 'must not rewrite' " the will or trust to immunize legal proceedings " 'plainly intended to frustrate [the testator's] unequivocally expressed intent from the reach of the no-contest clause.' [Citation.]" Reviewing the trust terms, the court viewed the trustor's intent to dispose of the trust estate in whole and "to put his surviving spouse to an election between taking the distribution provided for her under the trust, or alternatively, renouncing that distribution and taking against the trust estate pursuant to her independent legal rights." (*Id.* at p. 257.)

*Estate of Watson* (1986) 177 Cal.App.3d 569, 573 [223 Cal.Rptr. 14], the principal case relied on by appellant, while similar, does not compel a contrary result. In *Watson,* daughters filed a creditor's claim against their stepmother's estate. They claimed their father and stepmother had an oral agreement in which their father would leave all his property to the step-mother, except for $100,000 in bequests to them, on the condition the stepmother would transfer a certain property to the daughters when she died. (*Id.* at pp. 573–574.) In distinguishing *Watson, Burch v. George, supra,* 7 Cal.4th 246, 262, explained: "In *Estate of Watson, supra,* 177 Cal.App.3d 569, the court determined that two sisters *could file a creditor's claim against their stepmother's estate* to enforce an oral testamentary agreement allegedly entered into between the stepmother and their deceased father *without violating a no contest clause contained in the father's will.* The court found that the attack on the stepmother's will did not constitute a contest of the father's will because the sisters had not attempted to thwart their father's intent but had repeatedly affirmed the provisions of his will. (177 Cal.App.3d at p. 575.) " (Italics added.)

■    In the case at bench, the no contest clauses were in Frieda's will and trust and it is that estate plan appellant seeks to unravel by his "creditor's claim." As in *Nairne v. Jessop-Humblet, supra,* 101 Cal.App.4th at p. 1130, appellant's claim directly attacks a provision of Frieda's will and trust and would frustrate her intent. Nairne claimed an oral agreement to give certain property to him and argued that property should not have been included in the trust; reversing the trial court, the *Nairne* court (*id.* at p. 1126), concluded the proposed complaint would constitute a contest. Appellant's claim in the case at bench is also a "contest" and one that does not fit within the exception for "creditor's claim" pursuant to section 21305.

## DISPOSITION

The orders appealed from are affirmed. The parties are to bear their own costs on appeal.

Rubin, J., and Flier, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 22, 2006, S140216.